**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALVARD NERSISYAN,<br><br>                     Petitioner,<br><br>   v.<br><br>TODD BLANCHE, *et al.*,<br><br>                   Respondents. | Case No. 26-cv-03453-BAS-BJW<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Alvard Nersisyan filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming her immigration detention has been arbitrarily and unreasonably prolonged and that she has failed to receive adequate medical care leading to life-threatening conditions. (ECF No. 1.) The Government concedes that, given the Court's prior rulings, Petitioner's detention has been arbitrarily and unreasonably prolonged and that she is entitled to a bond hearing where the Government would bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a risk of flight. (ECF No. 4.) The Government does not respond to the allegations of inadequate medical care. (*Id.*) Petitioner files a Traverse arguing that the Government fails to address the primary concern of untreated "serious and worsening medical conditions" which

- 1 -

necessitate immediate release. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition to the extent Petitioner argues her detention has been arbitrarily and unreasonably prolonged but orders a bond hearing before an Immigration Judge as requested by the Government.

## I.  LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II.  BACKGROUND

Petitioner, a citizen of Armenia, entered the United States seeking asylum on December 14, 2024. (ECF No. 1, at ¶ 2.) She submitted an asylum application in May 2025. (*Id.* ¶ 19.) An Immigration Judge denied her asylum application, finding that her claim of asylum was credible but that she was barred from seeking asylum under the "Securing the Border" proclamation. (*Id.* ¶ 20.) Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), where it has been pending for the past eight months. (*Id.*)

While in immigration custody, Petitioner has suffered from serious ongoing medical issues. (*Id.* ¶ 24.) Most notably, she has a growing mass on her neck. (*Id.*) After repeated requests over a year, she finally received a CT scan on February 11, 2026. (*Id.* ¶ 29.) The CT scan revealed a mass in the left cervical node and the left thyroid lobe suggestive of lymphoma. (*Id.* ¶¶ 30–31.) The doctor suggested Petitioner needed a biopsy for definitive diagnosis. (*Id.* ¶ 32.) Although she was transported to receive this biopsy, it was cancelled at the last minute for unknown reasons. (*Id.* ¶ 37.) According to a board-certified oncologist, Petitioner's "delayed diagnosis" "creates a substantial risk of disease

26cv3453

progression, increased morbidity, reduced treatment options, and potentially poorer clinical outcomes." (ECF No. 1, Ex. E.)

In addition, on February 17, 2026, Petitioner was diagnosed with chronic heart failure, with a recommendation for an evaluation by a cardiologist. (*Id.* ¶ 32.) Petitioner has failed to be treated for her heart failure. According to a board-certified internal medicine specialist, her "chronic cardiovascular condition [is] associated with significant morbidity and mortality when inadequately evaluated or treated," which he concludes is the situation while she is in immigration custody. (ECF No. 1, Ex. E.)

Her situation is compounded by the fact that she is unable to communicate with anyone effectively without an Armenian interpreter, which has not been provided. (*Id.* ¶ 47.) Additionally, she requires a special diet which is delayed, mishandled, or not delivered at all. (*Id.* ¶ 48.)

## III. ANALYSIS

### A. Arbitrarily and Unreasonably Prolonged Detention

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily and unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). The Government agrees that 18 months is an arbitrarily and unreasonably prolonged period of time for Petitioner to be detained. Hence, the Court **GRANTS** the Petition to the extent it requests that a bond hearing be held before an Immigration Judge.

### B. Inadequate Medical Care

Petitioner argues that, rather than a bond hearing, she should be immediately released because she has been provided inadequate medical care. (ECF No. 5.) However, even though Petitioner is ultimately seeking release, not just an order for medical treatment, the Court still lacks jurisdiction to grant a habeas petition on this ground. *See Pinson v.*

26cv3453

*Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2024) ("The question of whether a claim goes to the core of habeas does not turn . . . solely on whether the prisoner requested release as opposed to some other form of relief."); *Shook v. Apker*, 472 F. App'x 702, 703 (9th Cir. 2012) (memorandum disposition) ("Despite the release he seeks, Shook's claims concern the conditions of his confinement and are properly brought under *Bivens*.").

Based on this precedent, this Court agrees with the rationale outlined by Judge Gordon, who recently found that he lacked jurisdiction to grant an immigration detainee's request for release from detention based on inadequate medical care. *Moya v. Blanche*, No. 2:26-cv-675-APG-DJA, 2026 WL 1481604, at *8 (D. Nev. May 27, 2026).

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Alvard Nersisyan (A#249-118-816) within 14 days of the date of this Order. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 18, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv3453